210 Franklin Road S.E. Suite 540
Roanoke. VA. 24011

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 02 2017

JULIA C DUDLEY, CLERK (-23-17
BY: _____ 4-23-2017
DEPUTY CLERK

Emergency
Bivens Action Complaint
28 USC § 1331

7:17·CV·00192

Michael S. dWI Feather-Gorbey

VS.

(1) Lt. Avery     usp lee
(2) Lt. Salcito     usp lee
(3) Warden Ratledge     usp lee
(4) Assistant warden Toney     usp lee
(5) Assistant warden Wolder     usp lee
(6) Captain Felps     usp lee
(7) Regional Director Caraway, F.Bop mid-Atlantic Reg. office
(8) Regional Director Ian Conners, F.Bop D.C. Central office
(9) SIS Lt. T. Taylor, usp lee
(10) Remedy clerk. mrs. Bowles, usp lee
(11) I Unit Counselor ms. Collins,     usp lee
(12) R+D And or Records A. Burnside usp lee
(13) Associate General Counsel Michael Frazier F.Bop D.C.
(14) Lt. Pratt. usp lee.

Jury Demand
Yes!

Amount sought $500,000.00
Dates 7-25-16 To Date 4-24-17
And Continuing.

*. Plaintiff is Proceeding under claim of
imminent danger * Requests immediate
Hearing under 28 USC § 636

## Basis For Claims

issue (1) For Keeping Gorbey in A threatfull situation deliberately Trying to Allow or Encourage An Assault or A Fight openly threatning Gorbeys safety & security

issue (2) For Keeping Gorbey in Administrative Detention For An Unreasonable Period of time And A Period of time that Exceeds those Allowed Per F.Bop Policy While Depriving Gorbey of Due Process Rights. While Repeatedly subjecting Gorbey to imminent Dangers, Extreme Conditions & Hardship

issue (3) Medications & legal mail (4) Postage stamps & legal materials And (5) inmate Account statements.

## Supporting Facts

issue (1) For Keeping Gorbey in A threatfull situation deliberately Trying to Allow or Encourage An Assault or A Fight openly threatning Gorbeys safety & security.

Gorbey Has been in A Cell With A Hostile Puerto Rican (Neta gang member (Active member) For several months. Whom is Uncomfortable being with Gorbey & Whom is in Prison on violent murder And other charges, the gang member is staying doped up. Not Paying dope bills & Causing Conflicts between other inmates involving Gorbey because He's in the Cell with the Hostile gang member. being Hostile to Gorbey... the gang member Has Repeatedly told stuff to move Him & because they Havent He gets more & more Hostile With Gorbey Even Acting Assaultive And Ready To Fight Gorbey & Wants moved & Possibly

Could go to Any Extreme to obtain that, And making matters worst is the Celly Hardly speaks Any English so it Forces Gorbey to Endure A situation with A Hostile violent Person Whom mostly does not understand And is use to A Hostile Puerto Rican gang life! Making it Easy To become An Explosive situation that is likely To resort in serious injuries. The problem Has now went on For An unreasonable Period of Time And clearly with All the other Hostile Abusive Events Having gone on At usp lee For Gorbey it became Apparent that usp lee Staff Have (deliberately) left the Hostile gang member in Gorbey's Cell To Allow or Encourage An Assault or A Fight For Which they Staff Could Furtherly Abuse Discipline Proceedings (Against Gorbey) As the F.Bop does not Recognize self Defence & should A Fight Breake out Gorbey too would be charged For Fighting & With the Prion Discipline Proceedings At usp lee Evidencing unFairness. Gorbey would be Sanction & punish Furtherly, manipulating His Custody Points or He must simply set back And Allow Himself To be Assaulted or Kill, clearly Pointing to An imminent Danger given His Cellys gang Afiliation & Criminal Record, & Attitude. On Wednesday 4-19-17 Gorbey's celly Kick Him. On Thursday 4-20-17 Gorbey submitted A Written Request To both the Day shift Lt. Avery And Evening shift Lt. Salcito. Explaining The issues & Requesting that one Either Him or His Celly be moved To separate Them For safety Conserns, And

that He Felt (threatens) yet. Both Avery & Salcito ignore the matter & left them together.

Avery made A Round on the shu Range thursday, before Ending His shift And openly (Deliberately) Refuse to stop At Gorbey's cell & talk to Him About the situation. Even though, Gorbey, Repeatedly call Avery's name. clearly showing Avery was Trying to Allow or Encourage A fight or Assault!

On 4-20-17 Gorbey, personally spoke to Lt. Salcito but, Salcito, only claim the Celly, could Not move in with (one other prisoner) but Deliberately Fail to properly or Effectively Address the issue And simply left Gorbey & His Celly together.

Where. since then the Cellys Attitude Has been clearly unreasonable. Trying to bollgard His way Around the cell & on 2 occasions Even swatting At Gorbey Almost leading to fights. only detered by Gorbey's good grace & Knowledge of The Repocussions.

Where. on 4-21-2017 Friday. Gorbey submitted both A Bp8 Informal Complaint And A Bp9 warden level Formal Complaint. To these Affects. see. Exhibits (1) Copy of Bp8 Informal Complaint. And Exhibit (2) Copy of Bp9 Formal Complaint Foling Receapt. Personally Handing them both to I unit Counselor Collins. And yet Today some 2-3 Days later No staff Remedy clerk mrs. Bowles. or the warden. Have Taken ANY action. To Resolve the issue. Forcing Gorbey to suffer imminent Dangers.

Staff At usp lee (Refuse) to move inmates From Hostile situations. Deliberately waiting until An

Assault or Fight Happens so they Can use or misuse Discipline Actions While Allowing or Encouraging the Fight or Assault While Faiting their Duties to Keep inmates safe! see.
28 USC §4042. Discipline Process Not to be used in Arbitrary. Capricious or Retaliative manner see Tsosie vs. Garrett 409 Fed. App'x 262 (2010) WL. 4823475 the 8th amendment imposes A Duty on Prison officials "To Protect Prisoners from violence At the Hands of other Prisoners see.
Rodriguez vs. Sec'y For Dep't of Corr. 508 F.3d. 611. 616-17 (11th cir. 2007) (Quotations omitted)
Prison officials may be Held liable under the 8th amend. When they are deliberately indifferant to the substantial (Risk) of serious Harm to inmates see.
Marsh vs. Butler Cnty., Ala. 268 F.3d. 1014. 1027 (11th cir 2001) (en banc)
     They must be Aware of the substantial Risk of serious Harm to the inmate and not take Reasonable steps to Alleviate the Risk. Id.
     Where. Here. given the Cellys Criminal background And Garbey Having Notified Authorities in Writing & through Formal Complaints & No one took Any Action To Alleviate the (Risk) & Actualy Retaliating For Garbey's Prior Filings. Deliberately kept Garbey in the Cell & conditions To Fend For Himself... there simply is No way Any Defendant involved in issue (1) can Avoid liability For damages Nore Can the be Any Question As To imminent Danger. in this Case. It Requires An immediate Court Hearing §636

Where. Further. This Has Contenuing Prejudicial Affects because while staff Are Refusing To Answer to written Complaints on the issue They (Know) it Forces Gorbey To Either Endure the matters or to get on the Door And Demand To be moved. While Staff (Know) that if Gorbey does that! it belittles Him in the eyes of All other inmates labling Him As A check in & Threatning Future Assaults & or Fights... Threatning His safety later Down the Road, Furtherly giving Cause For this Emergency Bivens Action. And A Prompt Hearing.

Issue (2) For Keeping Gorbey in Administrative Detention For An unreasonable Period of Time And or A Period of Time that Exceeds Time Frames Allow Per F.Bop Policy while Repeatedly subjecting Gorbey to imminent dangers. Extreme Prison Conditions And or significant Hardships.

F.Bop Policy 5270.09 special Housing units. Provides that Prisoners shall not be Held in Administrative Detention For Any Period Exceeding 90 Days!

Gorbey Has been Held In Administrative Detention For some 270 Days. (Topple the Amount) Allow Per F.Bop Policy. While being Forced To suffer (A list of) imminent Dangers. Extreme Prison Conditions And significant Hard Ships from 7-25-2016 until Date 4-23-2017 And Contenuing.

Just Recently, last week Gorbey was moved From shu cell B-205 & overflowing toilets and such to Cell B-212 with the newly installed (in cell) Flush button Allowing Prisoners to Flush their own

Toilets and Helping to Prevent overflowings & such.
Yet then only 4-5 days later Hostile shu staff
under Direction of Warden Ratledge. Captain Felps
A-W Tony, A-W Walden, Lt. Avery & Lt. Salcito. Turn
Right Around and Deliberately moved Gorbey back
to one of the old No inmate Flush Cells to deal
with overflowings, As This Particular Cell 209
Toilet does Not Flush Well Any Ways. While claiming
it was a 21 Day Cell Rotation When the Whole
Range Just moved some 4-5 Days Earleyer, & What
Points to the Deliberateness is they skip cell
211 Which Has An New In Cell Flush butten Not
Putting Anyone in that Cell & Deliberately moved
Gorbey up to Cell 209 Put someone Else in 2co
skip 211 & put someone in 212. So Even if it
were a Reguler Rotation Gorbey should Have
simply went to Cell 211, but Didn't. While Gorbey is
Already suffering sickvesses & bad Health Which
Posed Threats to His safety. Recently. That in fact
He is Not Cured From & Now Staff Deliberately
seek to Contenue it. Violating Gorbeys Rights. see
Hill vs. Fleming 173 Fed. Appx. 664 (2006)
Requiring An Evidence Hearing see
olsen, 312 F.3d. at 1312.
Cases Where Insuficient Evidence in the Record
to make A Determination Concerning the Conditions.
or Duration of Administrative Detention. We
Remanded For An Evidence Hearing see
Gaines vs. Stenseng 292 F.3d 1222. 1224 (10th cir 2002)
Clemmons vs. Arckone Thomas 86. F.3d. 1166. (1996) WL. 282304

at *4 (10th cir. May 29, 1896)

segregation Alone does not create a liberty intrest see. Hewitt 459 U.S. at 468. 103. S.CT. 864.

Never the less, Pursuant to the supreme court in Sandin. see.

Sandin vs. Conner 515 U.S. 472 (1995)

The Government may create liberty intrest Protected by the Due Process clause ... but that intrest is generally limited to Freedom From Restraint that imposes Antipical And significant Hardship on the inmate in Relation to the ordinary incidents of Prison life. Sandin. 515 U.S. at 484, 115 S.CT. 2293.

It is important to note that under Hewitt And Prior to sandin. the Analysis of whether A prisoner was deprived of a liberty intrest Focused not on the nature of the Depravation Experianced by the Prisoner but on the language of the Applicable Prison Regulations And whether such language was mandatory? Beverati vs. Smith 120 F.3d. 500.503. N.3 (4th cir. 1997) (Relying on) Sandin 515 US. at 479-81. 115 S.CT. 2293.

the Supreme ct. mandate, since sandin, is that Henceforth we are to Review ... liberty intrests claims Arising From Prison conditions by Asking whether the Prison Conditions complained About Presents the Type of Antypical, significant depravation in which might conceivably create a liberty intrest. see.

Cosco vs. uphoff 195 F.3d. 1221, 1224 (10th cir. 1999)(quoting) Sandin 515 US. at 486, 115 S.CT. 2293. see.

Al-Amin vs. Donald 165 Fed. App'x 733 (2006)

where. F.Bop Policy itself creates A liberty intrest

For Gorbey wich provides inmates Housed in shu shall Receive (Formal) shu Reviews Every 30 Days AT which Time staff (must) show A Need to Contenue Keeping the Prisoner in Administrative Detention And that period is NOT to Exceed 90 days. intitling the Prisoner (A Right to be Present) At such Formal shu Reviews unless waived in writing, A Fact that Gorbey Has NOT Received the 1st Formal shu Review yet, in some 270 days. And usp Lee Have Abusing All these Processes, While Repeatedly bringing upon Gorbey bogus & Fabriecated inHouse charges violating 28 usc 4042 And then using those charges And or bogus manipulated Alleged investigations into staff misconducts To Delay Gorbey's Transfer, BootsTrapping their way Around F-Bop Policy (Knowingly) violating Gorbey's Rights while keeping Gorbey in Extreme Prison Conditions And Significant Hardships For 9 months & Counting. see.

usp Lee Administrative Remedy Bp8 informal Complaint. # LC-24-17 where. SIS LT. T. Taylor Allegedly Answering A misconduct complaint on Otto J. Brown, denying the complaint summarly. Also, in the body of the Response denies another misconduct complaint on SIA Baker so Gorbey Can not Appeal the Baker complaint & it is lost in the J. Brown complaint. Quashing Bp8 LC-07-17 on Baker. impeeding the Appeal Process. Disrupting the integrity of the F-Bop Administrative Remedy Process & in most of the BP8 LC-24-17 Response All T. Taylor does is Degrade Gorbey & Repeatedly

Try to lable Gorbey's Notices of Filing misconduct Claims & Civil Actions as threats or Extortions to staff. SIS LT. T. Taylor Whom is subject of an Earleyer Misconduct and Tort claim TRT-MXR-2016-05930 Violating Impartiality & Retaliating. So with Baker to Taylor. Gorbey does Not Receive Any Fair. Investigations of His Misconduct claims & staff are Constently Allow to Centenue While its All used illegal & unconstitutionally to (Keep) Gorbey in Administrative Detention unreasonably & under imminent Dangers. Extreme Prison Conditions And or Significant Hardships.

Taylor, claim, Brown did Nothing Wrong! Offc J. Brown Assisted LT. J. Bowles in Convicting & Punishing Gorbey on A Fabrecated charge. Denied Gorbey Witnesses & then manipulated the Offc Report to Cover it up & then when As Per. Policy Gorbey Filed A BPP Informal Resolution Before Formal Complaints & Further Civil Actions on Brown staff claim the BPP to be A Treat & Attempt to Extort. (Threatning) To Retaliate on Gorbey to intimidate Him From Filing. & Taylor Talking Past claim there was No staff misconducts. & Try to Dump it All on Gorbey!!

Tailor Then claim SIA Baker did Nothing Wrong SIA Backer Appear in Court 2 Times on behalf of Bowles, Felps, Avery & Ratledge once Testifying under oath that they did Nothing wrong. One month later (Baker) Conducted & Denied Misconduct Investigations & Tort claims on these same staff & Events. (Knowing) Evidence

In court & Discipline Proceeding (proved) these staff Fabricated the discipline issues on Gorbey and deliberately put him through 4 Days of placement on paper in Freezing weather Baker still claim they did nothing wrong & try to Dump it on Gorbey. Where at the 8th Proceeding on 4-6-17 it was Revealed that Gorbey was actually Innocent and F.Bop incident Report Records & staff knew this since 11-18-2017 Proof that these staff did in fact (Deliberately) put Gorbey through all this Deliberately Fabricated Discipline charges on him & deliberately used Bogus investigations Regarding it to Delay his transfer & to (keep) him in Administrative Detention For months beyond that Allowed by F.Bop Policy (while) keeping him in Repeated imminent Dangers, Extreme Prison Conditions & signifficant Hardships, ...And Now the Fool SIS L. Taylor, wants to claim SIA Baker did nothing wrong & to (impeed) the staff misconduct complaint on Baker by answering it in another unrelated complaint.

All this is going on while Regional Directors Caraway, & Ian Conners & Associate General Counsel Michael Frazier (knowing) about all of it set back & laugh Allowing it As A Retaliation because (they too) Have been subjects of valid misconduct complaints. clearly being Deliberate indifferances, obsolving Any chance of Qualified immunities For any of these Defendants see Parrish ex. rel. Lee vs. cleveland 372 F.3d. 294. 2004

Deliberate Indifferance.

Deliberate Indifferance is a very High Standard - A showing of mere negligence Will Not meet it. Grayson vs. Peed 195. F.3d. 692.695 (4th cir. 1999)

An officer is deliberately indifferant to A substantial Risk of Harm to A detainee when that officer (Knows) of and disregards the Risk. Farmer vs. Brennan 511 U.S. 825, 832. 114. S.cT. (1970) 128 led. 2d. 811 (1994)

Defendants actually knew of and disregarded a substantial Risk of serious injury. to the Prisoner.

Here. Gorbey submitted 2 written Requests & filed both A Bp8 And Bp9 Regarding A threat to His safety, yet staff Have ignore that & ignore Gorbey's Celly Telling them to move Him.

Also. Gorbey Already Has other Actions Pending over Toilets. & Things see 7:17-cv-00081. So For staff To move Gorbey into (yet Another) faulty cell is simply deliberate indifferance. How Could they claim they Had No Idea Placing Gorbey in such Conditions imposed A Risk while He still suffering sicknesses For Earlyer (Recent) Events? while they (Keep) Gorbey in unlawful Extended Administrative Detention. Where All of these named F.Bop staff Have been Employeed by the F.Bop Some (10 years) or more. There simply is No way they Can claim they Had No Idea They were violating F.Bop Policy & Gorbey's Rights, imposing significant Hard ships upon Him!... Their Actions Are clearly deliberate & Rest on Personal liabilities.

Qualified immunities

Rendelman vs. scott 378 Fed. Appx 309 (2010)

Pearson vs. callahan - us - 129 S.Ct. 808, 815, 172 L.ed. 2d. 565 (2009)

The Doctrine of Qualified immunity Protects Gov. officers From liability For Civil Damages insofar As their Conduct does Not violate clearly Established Statutory or Constitutional Rights of Which A Reasonable Person Would Have Known.

American Roll-on Roll-off, Carrier LLC. vs. P&O Ports Baltimore Inc. 479 F.3d. 288, 295 (4th cir. 2007)

With Atleast 10 years of Experiance For Each of These Defendants & The Acts Having been Complain About in Prior Actions & yet For Them to do it (Again)! How Could they claim they did Not Know?

And The Program Statements violated by these Defendants Were Adopted by & under APA standard

Miller vs. Henman 804 F.2d. 421, 426 (7th cir. 1986)

Bureau of Prisons Program Statements Create Entitlements (meaning something that may be Enforced To Prevent substantial Trangressions) only if Adopted in one of the Ways the APA prescribes.... see.

Ortega vs. Maynard, Not Reported in F.supp.2d. (2006)

Where the Duty to Keep Prisoners safe is clearly Established & Administrative Detention; Not to Exceed 90 Days And 30 Day Formal SHU Reviews Are Well Established & it is Well Established that staff May Not Keep Prisoners in imminent Danger. Extreme Prison Conditions or under significant Hard ships And these 10 year Experianced staff

All well Know (All this) & Are liable As they now Cannot claim Qualified Immunities & therefore No Reason For this Honorable Court to delay in Affording Gorbey Reliefs or Conducting Hearings

<u>Conten vance & other valid Issues,</u>

(3) Further, we must note that Recently, usp lee medical staff Perscribed Gorbey 10 mg, Antitriptoline (Sleeping medications) while He has <u>no</u> Problem sleeping this Raises Consern in His Present celling Conditions with Another Hostile inmate And Poses A Question to sending legal mail ... usp lee make Gorbey stay up until 12:00 A.m. midnight to seal & send His legal mail to try to Force Him to send it unsealed so They can be Privy to its Contents As they open <u>All</u> His incomming legal mail Error classify His Court mail As general Correspondance, Even the Court mail marked legal mail, they claim the Court is Not Properly Identified on the Envalope & that it Requires Someones Personal Name ... so Now they go so Far As To Actually Perscribe me sleeping medications to be Taken AT 4:00 pm Pill line so As to (Prevent me) From staying up until 12:00 midnight And the Actually claimed the Anti Trip toline was being Perscribed (As A Pain medication) to Address Issues with my left Ancle & Foot.

(4) then there is A matter of Postages Gorbey is indigent an only Receives 5 legal stamps Per week and 5 Personal stamps per month. And yet while

Policy clearly Allows indigent Prisoners with Exceptional Needs (such As Gorbey Representing Himself in multiple Criminal & Civil And Administrative issues) To Receive Postages necessary To Address their needs, And should Any Conserns Arise. F.Bop staff Can simply Debit the inmates Account For the Costs.

However. usp lee staff Have (Refused) Gorbey Any Additional Postages save A few stamps Here & There. & in Recent months Hostile shu staff Have been Holding back Gorbey's mail Placing same in Property storage. Causing Court issues on Jurisdictional time Frames To Expire & Dumping multiple issues on Gorbey At one Time yet then Deliberately Denying Him Any Additional Postages. impeeding or Denying Court Access. while A simple Bp10 or 11 Appeal With All necessary Attachments Takes 2 stamps

Where then What is more Evidence of the Deliberateness is F.Bop Policy Allows Prisoners To Receive stamps And Writing material & Case legal materials From Courts. Attornies & other verafiable legal Agencies. yet usp lee staff Even Deny Gorbey That. Trying To Claim The shu in-cell Property lost Prevents Him from Receiving these items Even if They were Placed in storage on issue As needed by Unit Team staff. clearly Denying Gorbey Access To His Court Files & Records & Denying Him Adequate legal materials & Postages Per AW Tovey. & warden Ratledge. unconstitutionally Restricting Gorbey To 5 stamps Per week. Crippling many valid issues Pending on Time Frames. see Exhibit (3) Copy of Denied Authorization To Receive Property Form by AW Tovey.

(5) Inmate account statements.

Inmate trust fund staff fail or Refuse to timely or properly complete & return necessary documents & hostile court judges wont accept documents sign & completed by Garbey or his unit manager & then the courts (fault Garbey) while not ordering F.BOP trust fund staff to comply (while) the hostile courts use this to impeed Garbey timely processing of his actions. Even those under imminent danger. See. 7:17-cv-00091 delayed over 1 month over inmate Prisoner trust fund accounts while hostile judges try to obtain unjust dismissals placing Garbey on 10 Day time frames 1/2 expired before He Even Receives the notice (knowing) He cannot comply in such short time & costing Him one of His much needed postage stamps to seek extentions of time while His issues Especially Extreme conditions & imminent Dangers are (Put on Hold) pending Resolution of the account issues. So in the End. (the courts) Are Allowing hostile F.BOP staff to impeed civil Actions & to Extend imminent Dangers & Extreme conditions or Hardships while the hostile court terries over inmate account statements. Again Another Reason why §1915(g) is unconstitutional. City of chicago vs. morales 527. u.s. 41.56. (1999)

It is without question that Garbey's Rights are being violated and that He's beeing kept in Extreme conditions that pose a likelihood of serious physical injuries. or death Requiring immediate Attentions.

Recusal

Should Either Judges Ballou or Kiser be Assign to
This Case or the Courts chief Judge, the all already
Know they Are Subjects of Related Civil & Judicial
Complaints For misconducts Extending outside the
Judicial Process & Cannot Escape the Appearance of Bias,
Partiality, Antagonism or Retaliations and must clearly
Recuse Themselves. see:
28 USC § 455 (a) & (b) (1) A Judge (shall) Disqualify From
Any Proceeding in Which Partiality might Reasonably
be Questioned. see:
Litekky vs. United States, 510 U.S. 540, 545 (1994)
   Cases 7:16-CV-00551 And 7:17-CV-00151 clearly Point
that these Judges Cannot Escape the "Appearance" of
Bias, Partiality, Antagonism And or Retaliation.
Litjeberg 486 U.S. at. 860.
   I Request A Recusal Evidence Hearing see.
Ryan vs. Husles (9th cir. 2014)


                    Relief sought


(1) I want seperated From my

(2) I Demand $500,000.00 Cash.

(3) I want out of Administrative Detention. Transfer
Away From USP lee to A local F.C.I or Completely
Released From all Confinements.

(4) I seek An immediate Hearing.

                (chief) michael dw Feather-Gorbey
                         33405-013

## <u>Addentum To Bivens Action.</u>

On 4-23-17 Gorbey Again Attempted to informal Resolve the issue of A Hostile celly by informing shu Lt. Pratt in Writing, to no Avail. Lt. Pratt Came on the shu-B Range Delivering An inmate Jackson to His Cell Next to Gorbey And Gorbey Specificly Ask Lt. Pratt if He Received the Request -Notice And Pratt said (yes) He got it but He pass it off to shu #1 To deal With, openly And Deliberately Neglecting the Hostile Emergency issue. Where A short While later the Hostile Celly then became inraged & Push Gorbey, triping Him into the Cell Table. Damaging Gorbey's Ribs ... It's been some 4 Days And Counting that staff Have been Aware yet Have Deliberately Refuse to Address the issues. Encouraging Assaults or A Fight so they Can Retaliate by Having the Hostile Puerto Rican to claim it Was Gorbey that started the Fight & then Abuse Disciplinary Actions on Gorbey ... so we must Consider A situation Created by staff Where if Gorbey does not Fight back He gets Assaulted & if He does Fight back He gets blamed ... thus this Case Requires immediate Attention. As Gorbey Has Already suffer serious Physical inJuries Possibly A broken Rib & bruses.

(Chief) Michael S. dN Feather - Gorbey
33405-013
USP. Lee P.O. Box 305
Jonesville. VA. 24263

Declaration of mailing. §1746 & §1621

I owl Feather-Gorbey declare that on this Day 4-23-2017 I Deposited This Bivens Action in the Prison internal mail system With 1st class U.S. Postage Attached

(Chief) michael s. owl Feather-Gorbey
33405-013
USP Lee

Certificate of Service

I owl Feather-Gorbey Certify that on this day I served A Copy of This Bivens Action by 1ST class U.S. mail Postage Attach Address To.

LT. Avery et.al.
USP Lee VA.
P.o. Box 900
Jonesville. VA. 24263

(chief) owl Feather-Gorbey
33405-013
USP Lee VA.
P.o. Box 900
Jonesville. VA.
24263

Case 7:17-cv-00192-MFU-PMS   Document 1   Filed 05/02/17   Page 20 of 20   Pageid#: 20



(live) Michael S. Owl Feather-Gorbey
Rock-Tree Cheromanche-Monacour
        35405-013
U.S. Penitentory Lee
    P.O. Box 305
Jonesville. VA. 24263

        (Legal mail)

(open only in presense of)
owl Feather-Gorbey or the
us Dist. ct. Reanoke VA

clerk of court
United States District Court
210 Franklin Road S.W. suite 540
Roanoke. VA. 24011