CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 26 2018

JULIA C. DUDLEY, CLERK
BY: HMcDonee
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL S. GORBEY, <br> Plaintiff, | Civil Action No. 7:17-cv-00192 |
| v. | **MEMORANDUM OPINION** |
| LT. AVERY, et al., <br> Defendants. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Michael S. Gorbey[1], a federal inmate proceeding pro se, commenced this civil action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971). This matter is presently before me on a report and recommendation after the magistrate judge conducted evidentiary hearings about whether Plaintiff may proceed without prepaying the civil action filing fee. See 28 U.S.C. §§ 1914(a), 1915(a)-(b), (g).

I previously determined that Plaintiff was a "three striker" under 28 U.S.C. § 1915(g) and that the complaint implicated the exception to the three-strikes provision for imminent danger of a serious physical injury. Specifically, Plaintiff alleged that he was in imminent danger from, inter alia, being housed in a cell with a hostile, violent offender for several months while at the United States Penitentiary in Lee County, Virginia ("USP Lee"). Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred to a magistrate judge the question of whether Plaintiff qualifies for the three-strikes exception of 28 U.S.C. § 1915(g), and I stayed adjudication of the complaint until that question is resolved.

The magistrate judge recommends that I allow Plaintiff to proceed without prepaying the filing fee, but only as to the claim involving the hostile cellmate.[2] Plaintiff objected (ECF No. 84), to which opposing counsel responded (ECF No. 85), and to which thereafter Plaintiff replied

---

[1] Plaintiff's other moniker is Michael Steven Owlfeather.
[2] The other claims are about segregation, medications, postage stamps, legal mail, legal materials, and inmate account statements.

(ECF No. 86). Also pending is Plaintiff's motion for a hearing (ECF No. 87) and motion for a transcript (ECF No. 92) of the teleconference held on January 5, 2018. For the following reasons, I overrule Plaintiff's objections, adopt the report and recommendation, deny Plaintiff's motions, and dismiss all claims not involving the hostile cellmate.

A district court must review <u>de novo</u> any part of a report and recommendation to which a party objects, and it must provide its independent reasoning when a party raises new evidence or a new argument in an objection. 28 U.S.C. § 636(b)(1)(C); <u>Orpiano v. Johnson</u>, 687 F.2d 44, 47 (4th Cir. 1982). The reasoning need not be elaborate or lengthy, but it must provide a specific rationale that permits meaningful appellate review. <u>See, e.g.</u>, <u>United States v. Carter</u>, 564 F.3d 325, 330 (4th Cir. 2009). However, <u>de novo</u> review is not required when objections concern legal issues and not factual issues. <u>See, e.g., Orpiano</u>, 687 F.2d at 47. Notably, <u>de novo</u> review is not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." <u>Id.</u> A district court is also not required to review any issue when no party objects. <u>See, e.g., Thomas v. Arn</u>, 474 U.S. 140, 149 (1985); <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983). Objections that only repeat arguments raised before a magistrate judge are considered general objections to the entirety of the report and recommendation, which has the same effect as a failure to object. <u>Veney v. Astrue</u>, 539 F. Supp. 2d 841, 845 (W.D. Va. 2008).

Plaintiff filed seven "objections" in response to the report and recommendation.[3] First, Plaintiff challenges the magistrate judge's decision to convene evidentiary hearings to

---

[3] Plaintiff also filed the motion for a hearing and the motion for a transcript of a conference call. The motions are denied because no recording of the conference call exists and because a hearing is not warranted to adjudicate the report and recommendation. While Plaintiff's motion for a hearing also challenges both the report and recommendation and opposing counsel's response, it was not filed within the fourteen day period to constitute a timely objection to the report and recommendation.

2

simultaneously resolve questions about imminent danger for two of Plaintiff's cases in this court – 7:17-cv-00091 and 7:17-cv-00192 – instead of separate evidentiary hearings for each case. Second, Plaintiff believes the magistrate judge should find that the alleged conditions of confinement he experienced when filing this action constitute imminent danger. Third, Plaintiff complains that he was unable to have unknown inmates testify for him during the hearings. Fourth, Plaintiff complains that he was deprived of personal property during the pendency of this case. Fifth, Plaintiff challenges the magistrate judge's denials of his motions for recusal. Sixth, Plaintiff argues that mail tampering and the denial of access to administrative remedies constitutes imminent danger. Lastly, Plaintiff claims defendant Baker delayed Plaintiff's transfer from USP Lee and "manipulated" claims of staff's misconduct.

After reviewing the record, including the transcripts, I find that de novo review is precluded for Plaintiff's "objections." None of them constitutes a new, valid, and specific objection to the findings of facts and conclusions of law discussed in the report and recommendation for this case. The argument closest to being a valid objection merely reiterates the arguments previously presented to the magistrate judge, and this general objection is the equivalent of a failure to object.

I find that, except for the claim about the hostile cellmate, Plaintiff was not under an imminent danger of serious physical injury when commencing this action despite having "three strikes." Accordingly, I grant in part and deny in part Plaintiff's motion for leave to file without prepayment of the filing fee. The filing fee shall be collected pursuant to 28 U.S.C. § 1915(b).

Plaintiff's Eighth Amendment claims pursuant to Farmer v. Brennan, 511 U.S. 825, 833 (1994), remain against defendants Lt. Avery, Lt. Salcito, Unit Manager Collins, Remedy Clerk Mrs. Bowles, and Warden Ratledge. (Compl. 3-4.) All other defendants are terminated because

3

the other claims, which do not implicate an imminent danger of a serious physical injury, are dismissed without prejudice. See, e.g., Fed. R. Civ. P. 21 (allowing a court to sever claims and drop parties sua sponte); Pettus v. Morgenthau, 554 F.3d 293, 297 (2nd Cir. 2009) (recognizing the three-strikes provision is to permit an indigent three-striker to proceed without prepayment to obtain a judicial remedy for the imminent danger only).

**ENTER**: This 26th day of June, 2018.

                                              Senior United States District Judge