IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL S. GORBEY, ) | |
|     Plaintiff, ) | Civil Action No. 7:17-cv-00192 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| LT. AVERY, et al., ) | Chief United States District Judge |
|     Defendants. ) | |

## ORDER

Michael S. Gorbey, a federal inmate proceeding pro se, filed this civil action on May 2, 2017, alleging that prison officials at USP Lee violated his constitutional rights. By opinion and order entered March 10, 2020, the court dismissed the action for the second time without prejudice, because Gorbey had failed to comply with court orders requiring him to update his mailing address after any transfer or release. ECF Nos. 118 and 119. Gorbey has now filed a "motion to reconsider dismissal [and] to reopen the case for further proceedings due to new relevant circumstances." ECF No. 133. In particular, Gorbey alleges that he was recently housed at FCI Beckley, where prison officials denied him due process, and that he is now incarcerated at USP Thomson, where prison officials allegedly committed multiple violations of the Eighth Amendment. Id.

Rule 60(b) of the Federal Rules of Civil Procedure permits parties to seek relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b); see also Britt v. DeJoy, 45 F.4th 790, 798 (4th Cir. 2022) (en banc) (holding that "an order dismissing a complaint without prejudice and without granting leave to amend is final"); Justice v. United States, 6 F.3d 1474, 1481 (11th Cir. 1993) (recognizing that an involuntary dismissal without prejudice constitutes a final order for purposes of Rule 60(b)). "The remedy provided by the Rule, however, is extraordinary and is

only to be invoked upon a showing of extraordinary circumstances." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). Although a motion for reconsideration under Rule 60(b) may be based on newly discovered evidence, such motion is "not the proper vehicle for asserting new claims." Coyer v. HSBC Mortg. Servs., Inc., 701 F.3d 1104, 1110 (6th Cir. 2012); see also Stoller v. Marsh, 682 F.2d 971, 981 (D.C. Cir. 1982) ("A Rule 60(b) motion for reconsideration is not a vehicle for introducing entirely new claims into an action.").

Applying these principles, the court concludes that Gorbey is not entitled to relief under Rule 60(b). He has not identified any extraordinary circumstances that would warrant reconsideration of the dismissal order. Instead, he seeks to assert entirely new claims arising from events that allegedly occurred at federal correctional facilities in other states. Because a motion for reconsideration is not a proper vehicle for asserting new claims, his motion must be denied.

For these reasons, Gorbey's "motion to reconsider dismissal [and] to reopen the case for further proceedings due to new relevant circumstances," ECF No. 133, is **DENIED**.*

The Clerk shall send a copy of this order to the parties.

It is so **ORDERED**.

Entered: October 3, 2022

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.10.03 17:23:50 -04'00'

Michael F. Urbanski
Chief United States District Judge

---

* If Gorbey believes that prison officials at FCI Beckley or USP Thomson violated his constitutional rights, he may file a new civil action in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). FCI Beckley is located in the Southern District of West Virginia, and USP Thomson is located in the Northern District of Illinois.