CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

June 11, 2024

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **MICHAEL S. GORBEY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:17-cv-00192** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **LT. AVERY, et al.,** | ) | **Chief United States District Judge** |
| **Defendants.** | ) | |

## ORDER

Michael S. Gorbey, a federal inmate proceeding <u>pro se</u>, filed this civil action on May 2, 2017, alleging that prison officials at USP Lee violated his constitutional rights. By opinion and order entered March 10, 2020, the court dismissed the action for the second time without prejudice, because Gorbey failed to comply with orders requiring him to update his mailing address after any transfer or release. ECF Nos. 118 and 119. More than two years later, Gorbey filed a motion for reconsideration in which he sought to assert new claims arising from events that allegedly occurred at federal correctional facilities in other states. The court construed the motion as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b) and denied the motion on October 3, 2022. ECF No. 134. On April 26, 2024, Gorbey filed a second motion for relief under Rule 60(b) in which argues that the court erred in dismissing the action in 2020. ECF No. 143. For the reasons set forth below, the motion is **DENIED**.

Rule 60(b) authorizes a court to "relieve a party . . . from a final judgment, order, or proceeding." Fed. Rule Civ. P. 60(b). "But a party can obtain such relief based on only the six grounds identified." <u>Daulatzai v. Maryland</u>, 97 F.4th 166, 178 (4th Cir. 2024). Rule 60(b)(1) "allows a party to seek relief from a final judgment based on, among other things, a 'mistake,'"

which "includes a judge's error of law." <u>Kemp v. United States</u>, 596 U.S. 528, 530 (2022) (quoting Fed. R. Civ. P. 60(b)(1)). A motion under Rule 60(b)(1) "must be made within a reasonable time" and "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In this case, the court entered the final order of dismissal on March 10, 2020, more than four years before the pending motion was filed. Consequently, the court concludes that the motion must be denied as untimely. <u>See</u> <u>United States v. Williams</u>, 56 F.4th 366, 372 (4th Cir. 2023) (concluding that "Rule 60(b)'s one-year time limit is mandatory" and that courts are "without discretion to extend [the] one-year time limit for equitable reasons, whatever their merit").

For the reasons stated, Gorbey's motion for relief under Rule 60(b), ECF No. 143, is **DENIED**. The Clerk is directed to send a copy of this order to Gorbey.

It is so **ORDERED**.

Entered: June 11, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.06.11 10:27:26
-04'00'

Michael F. Urbanski
Chief United States District Judge